## MISSIRLIAN v ZIMMERMAN and PERLMUTTER
### Case No. 86-129 AP (County Court Case No. 85-18654 CC05)
Eleventh Judicial Circuit, Appellate Division, Dade County

May 28, 1987

### APPEARANCES OF COUNSEL

**Mallory H. Horton** for appellant.

**Harvey S. Swickle** and **Reed Somberg** for appellees.

Before TENDRICH, KAYE, MASTOS, JJ.

### OPINION OF THE COURT

PER CURIAM.

This appeal results from a judgment for attorneys' fees in excess of $20,000 rendered in the County Court after the parties settled the rental security return for $1,525.00.

What started out as a simple matter soon got completely out of hand. The file consists of nine volumes of depositions, motions, notices, pleadings and documents difficult to understand or which have any

meaning. There was a great deal of animosity, name-calling and insults by the attorneys. Bottom line, though, is that this case, after a year was settled for $1,525.00.

The appellant raises several points on appeal. We feel it is necessary only to address the issue of the amount of attorneys' fees awarded. We find and conclude that the award of $20,000, where there was a settled recovery of $1,525.00, is so grossly excessive and disproportionate to the amount of recovery that it shocks the conscience of this court and requires a reversal. The appellant, during oral argument, submitted that a fee of $5,000.00 would be reasonable. We agree.

Under *Ruwitch v. First National Bank of Miami*, 291 So.2d 650 (Fla. 3d DCA 1974), the court held as follows:

"While counsel performed extensive and valuable services to the bank, *the fee awarded by the trial court does not bear a reasonable relation to the result obtained.* We are of the opinion, based on the record and circumstance in this case, that an attorney's fee in the sum of $8,000, based on a $22,356.46 judgment is reasonable and proper. See *Baruch v. Giblin*, 164 So. 831 (Fla. 1935). The cases are clear that while the opinion of an expert witness testifying on attorney's fees is persuasive, it is not binding on the court in determination of a reasonable fee. *Dade County v. Oolite Rock Co.*, 311 So.2d 669 (Fla. 3d DCA 1975). (Emphasis supplied.)

In view of the above, we reverse the judgment of attorneys' fees and remand to the trial court to enter judgment in the sum of $5,000.00 plus cost of the expert of witness of $1,100.00.

Appellees' Motion for Attorneys' Fees on Appeal is denied.

Reversed and remanded with directions.